UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ISAIAH TUCKER,

    Plaintiff,

v.                                                                    Case No.: 2:22-cv-13-SPC-NPM

UNITED STATES OF AMERICA—
U.S. POSTAL SERVICE,

    Defendant.
_____/

### ORDER[1]

Before the Court is Defendant United States' Motion to Dismiss (Doc. 12). According to the Government, Plaintiff Isaiah Tucker "does not oppose the motion." (Doc. 14 at 1). So the matter is ripe without awaiting a response.

The Government moves to dismiss this Federal Tort Claims Act ("FTCA") case for lack of subject-matter jurisdiction. According to the Government, Tucker failed to exhaust his administrative remedies. 28 U.S.C. § 2675(a); *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008). But many times, failure to exhaust is a claims-processing rule (i.e.,

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

it is not a jurisdictional defect). *E.g.*, *Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1849-51 (2019).

True, over the years many courts (including the Eleventh Circuit) loosely said failure to exhaust was jurisdictional. *Turner*, 514 F.3d at 1200; *Caldwell v. Klinker*, 646 F. App'x 842, 846-47 (11th Cir. 2016). But the Supreme Court warned, courts should not rely on "drive-by jurisdictional rulings." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006) (citation omitted). And as the Sixth Circuit just explained at length, § 2675(a) is likely not jurisdictional. *Copen v. United States*, 3 F.4th 875, 879-82 (6th Cir. 2021). If it isn't, Rule 12(b)(6) governs. *See Whatley v. Smith*, 898 F.3d 1072, 1082 (11th Cir. 2018).[2]

Like summary judgment, courts cannot grant 12(b)(6) motions just because they are unopposed. *Marcure v. Lynn*, 992 F.3d 625, 627, 631-33 (7th Cir. 2021) ("Rule 12(b)(6) prevents courts from granting unopposed motions solely because there is no response.").[3] So in ruling on the Motion, the Court might need to analyze some unsettled—and unbriefed—issues.

What's more, since 12(b)(6) might apply, a dismissal could be with prejudice (which the parties do not address). Fed. R. Civ. P. 41(b) ("Unless the

---

[2] *See also Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 554-55 (5th Cir. 2020); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n.4 (5th Cir. 2004); *Daly v. Citigroup Inc.*, 939 F.3d 415, 420, 426 (2d Cir. 2019).

[3] *See also Giummo v. Olsen*, 701 F. App'x 922, 924-25 (11th Cir. 2017); *Hosseinzadeh v. Green Point Mortg. Funding, Inc.*, 577 F. App'x 925, 929 (11th Cir. 2014); *Servicios Azucareros de Venez., C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012).

dismissal order states otherwise, . . . any dismissal not under this rule . . . operates as an adjudication on the merits."). While failure to exhaust usually prompts a without prejudice dismissal, *e.g.*, Garcia v. Obasi, No. 21-12919, 2022 WL 669611, at *4 (11th Cir. Mar. 7, 2022), it can be with prejudice, Bryant v. Rich, 530 F.3d 1368, 1375 n.11 (11th Cir. 2008).[4] And the parties offer no argument. Considering this record, the Court assumes Tucker predicates his nonopposition on the belief Rule 12(b)(1) applies. In other words, he likely guesses the dismissal would be without prejudice. *See* McIntosh v. Royal Caribbean Cruises, Ltd., 5 F.4th 1309, 1313 (11th Cir. 2021).

Given these issues—and the parties' apparent agreement on dismissal without prejudice—the Court finds it appropriate to deny the Motion as moot. Tucker (or the parties jointly) can simply file a Rule 41(a)(1)(A) voluntary dismissal. *Compare* Fed. R. Civ. P. 41(a)(1)(A)(i) (allowing dismissal before defendant files answer or summary judgment), *with id.* 41(a)(1)(A)(ii) (permitting stipulated dismissal by all parties). This avoids the expenditure of unnecessary judicial resources and allows the parties to facilitate their consensus on dismissal most effectively. *See* Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without

---

[4] *Compare* Taylor v. U.S. Treasury Dep't, 127 F.3d 470, 478 & n.8 (5th Cir. 1997) (without prejudice), *and* Wilson v. Horton's Towing, 906 F.3d 773, 783 (9th Cir. 2018), *with* Hinkley v. Envoy Air, Inc., 968 F.3d 544, 554-55 (5th Cir. 2020) (with prejudice).

prejudice."). If the parties for some reason prefer the Court to rule on the merits of a motion to dismiss, they must address the matters discussed above (e.g., whether § 2675(a) is jurisdictional, what standard applies, and if dismissal should be with or without prejudice).

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 12) is **DENIED as moot**.

2. If Plaintiff intends to voluntarily dismiss this action, either Plaintiff or the parties jointly must **FILE** a Rule 41(a)(1)(A) dismissal **on or before April 5, 2022**. **Alternatively**, Defendant must **FILE** an amended motion to dismiss addressing the issues discussed above **on or before April 12, 2022**.

**DONE** and **ORDERED** in Fort Myers, Florida on March 29, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record